UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MILANO,<br><br>    Plaintiff,<br><br>v.<br><br>ROLONDO AGUILERRA aka "JAY" AGUILAR, *et al.*,<br><br>    Defendants. | Civil No. 09cv2469-L(BLM)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION; (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; (3) GRANTING DEFENDANTS' MOTION TO STRIKE; AND (4) GRANTING LEAVE TO AMEND** |

    Plaintiff, a federal employee, filed this sexual harassment action against her former supervisor and others. The court has subject matter jurisdiction over the action pursuant to 28 U.S.C. Sections 1331 and 1367. Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and a motion to strike pursuant to Rule 12(f). They also filed an Ex Parte Application for Order Dismissing Individual State Law Claims Against Rolando Aguilera Because of Substitution of the United States ("Ex Parte Application"). Plaintiff partly opposed Defendants' motions and the Ex Parte Application. For the reasons which follow, the Ex Parte Application is **GRANTED IN PART AND DENIED IN PART**, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and the motion to strike is **GRANTED**. Plaintiff is **GRANTED LEAVE TO AMEND** as provided below.

/ / / / /

According to the allegations in the complaint, Plaintiff was employed as a produce clerk and cashier by the United States Department of Defense, Defense Commissary Agency. Defendant Rolondo Aguilerra was Plaintiff's supervisor. When Plaintiff was four months pregnant, Mr. Aguilerra sexually harassed and assaulted her. Plaintiff reported the incident to the commissary store director, William Vick, who told her she should report the incident to the military police. Plaintiff reported the incident to the military police and the Department of Defense Commissary Agency Equal Employment Opportunity office. She also reported it to the Assistant Store Director Ruben Barcelona and supervisor Nora Mina.

Immediately thereafter, Plaintiff was transferred from the produce department to the cashier position, which was under Ms. Mina's supervision. The cashier position required Plaintiff to stand for extended periods of time. When she requested a seat due to her pregnancy, the request was denied unless Plaintiff could provide a note from her doctor. When Plaintiff provided a doctor's note, she was given an unstable stool. Her request for a stable seat was refused. Plaintiff claims she experienced these difficulties in retaliation for reporting Mr. Aguilerra's misconduct. In addition, Plaintiff was retaliated against by being singled out for adverse treatment, discipline and scrutiny.

Plaintiff further alleges that Defendants knew that Mr. Aguilerra had sexually harassed other female employees before the incident involving Plaintiff; however, Defendants did not take any disciplinary or corrective steps. In the same vein, Defendants did not take any disciplinary or corrective steps after Plaintiff reported Mr. Aguilerra. Instead, they facilitated his transfer to another commissary store. Plaintiff also alleges that Defendants destroyed evidence relevant to the proof of her claims.

Plaintiff filed a complaint in this court against Mr. Aguilerra, United States Department of Defense and Robert M. Gates, Secretary of Defense. She asserts five causes of action: (1) sexual harassment - hostile work environment; (2) sexual assault; (3) retaliation/reprisal; (4) spoliation of evidence; and (5) negligent hiring, training, retention and supervision.

Defendants filed the Ex Parte Application seeking to dismiss the state law claims for sexual assault and spoliation of evidence against Mr. Aguilerra because of substitution of the

United States.  Although Plaintiff does not oppose the substitution, she opposes an automatic dismissal of claims based on the substitution.

The Federal Tort Claims Act ("FTCA") provides in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2); *see also U.S. v. Smith*, 499 U.S. 160, 164 n.5 (1991).  A scope of employment certification was filed in this case, stating that Mr. Aguilerra "was acting within the scope of his employment as an employee of the United States Department of Defense, Defense Commissary Agency, with regard to the events described in Plaintiff's Complaint." (Certification of Scope of Employment of Individual Def., Rolando Aguilera, filed Apr. 22, 2010.)   Plaintiff does not dispute that Mr. Aguilerra acted in the scope of his employment[1] and does not oppose the substitution.  (Pl.'s Resp. to Ex Parte Application at 1-2; Pl.'s Mem. of P.&A. in Opp'n to Mot. to Dismiss at 4-5.)  Accordingly, to the extent Defendants' Ex Parte Application seeks substitution of the United States in place of Mr. Aguilerra with respect to the state law tort claims, it is **GRANTED**.  To the extent it seeks automatic dismissal of any claims, it is **DENIED**.

Defendants also separately moved under Rule 12(b)(6) to dismiss the second, fourth and fifth causes of action against all Defendants except for the United States.  A Rule 12(b)(6) motion tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where it

---

[1] To the contrary,, Plaintiff insists that the United States be bound by its scope of employment determination.  (Pl.'s Resp. to Ex Parte Application at 2; Pl.'s Mem. of P.&A. in Opp'n to Mot. to Dismiss at 4-5.)

presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To survive a motion to dismiss, a plaintiff must provide the grounds of his entitlement to relief beyond mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To the extent the United States is bound by the scope of employment certification, Plaintiff does not oppose dismissal of State law claims against other Defendants. Accordingly, in this regard, the motion to dismiss is granted as unopposed. *See* Civ. Loc. R. 7.1(f)(3)(b) & (c). In the alternative, the motion is granted because, under the FTCA, the United States is the only proper Defendant. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Specifically,

> The remedy against the United States . . . for . . . personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is *exclusive* of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . ..

28 U.S.C. § 2679(b)(1) (emphasis added); *see also* 42 U.S.C. § 233 (exclusiveness of the FTCA remedy). Accordingly, Defendants' motion is **GRANTED** to the extent the second, fourth and fifth causes of action are asserted against any Defendants other than the United States.

Once the United States is substituted into the case, the action "shall proceed in the same manner as any action against the Untied States filed pursuant to [the FTCA] and shall be subject to the *limitations and exceptions* applicable to those actions." *Smith*, 499 U.S. at 166, quoting 28 U.S.C. § 2679(d)(4) (brackets and emphasis in original). The United States, as a sovereign entity, is immune from suit unless it has consented to be sued by waiving its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The waiver of sovereign immunity under the FTCA is strictly construed. *Honda v. Clark*, 386 U.S. 484, 501 (1967); *United States v. Sherwood*, 312 U.S. 584, 587 (1941). The terms of the waiver determine the

scope of the court's jurisdiction to hear the case. *Sherwood*, 312 U.S. at 586-87. Where the United States has not waived sovereign immunity, the court lacks subject matter jurisdiction. *See Kelly v. United States*, 241 F.3d 755, 760 (9th Cir. 2001).

Defendants moved to dismiss the second, fourth and fifth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that under the FTCA, the United States is immune from liability for these claims. Rule 12(b)(1) provides for dismissal if the court finds it lacks subject matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Where jurisdiction is intertwined with the merits, we must assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks, brackets, ellipsis and citations omitted). Defendants' motion is presented on the face of the pleadings and is intertwined with the merits of Plaintiff's claims against the United States. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3rd Cir. 2000) (in FTCA cases merits closely intertwined with jurisdiction). The court therefore assumes the truth of Plaintiff's allegations for purposes of this motion.

Defendants argue that the fourth cause of action for spoliation of evidence should be dismissed because California law does not recognize it as a cause of action. The FTCA waives sovereign immunity for claims based on negligent or wrongful acts of federal government employees where a claim would exist under state law, if the government were a private party. 28 U.S.C. §§ 1346(b), 2671-80. If the claim does not exist under State law, the Government retains sovereign immunity.

In her opposition, Plaintiff did not address the issue whether California law recognizes a tort claim for spoliation of evidence. In this regard, the motion to dismiss is granted as unopposed. *See* Civ. Loc. R. 7.1(f)(3)(b) & (c). In the alternative, the claim is dismissed because California law does not provide a tort remedy for spoliation of evidence under the circumstances alleged by Plaintiff. *See Cedars-Sinai Med. Ctr v. Super. Ct. (Bowyer)*, 18

/ / / / /

/ / / / /

Cal.4th 1, 17-18 (1998). (*Cf.* Compl. at 14-16.)   Accordingly, Defendants' motion to dismiss the fourth cause of action for spoliation of evidence is **GRANTED**.[2]

Defendants also contend that the second cause of action for sexual assault is barred by the intentional tort exception under the FTCA. *See* 28 U.S.C. § 2680(h).  The FTCA includes a number of exceptions to the waiver of sovereign immunity, including the intentional tort exception. *See id. & Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008).

Plaintiff argues that her injury was not caused only by the assault, but also by Defendants' negligence in allowing it to occur.  She alleges that prior of the incident Defendants knew that Mr. Aguilerra had a history of sexual harassment of female employees and that Defendants were negligent in failing to take steps to prevent the foreseeable assault from occurring. (Compl. at 10-12.)  "As a matter of substantive law, it is not a novel proposition that a single injury can arise from multiple claims, each of which constitutes an actionable wrong."  *Saudi Arabia v. Nelson*, 507 U.S. 349, 375 (1993).  As alleged, Plaintiff's second cause of action can be construed as a sexual assault or a negligence cause of action.

The fact that an injury was directly caused by an assault or battery does not necessarily preclude liability under the FTCA for negligently allowing the assault to occur. *Sheridan v. United States*, 487 U.S. 392, 398 (1988).  When the assault claim is based on the Government's negligent breach of its own duties, the intentional tort exception does not immunize the Government from liability under the FTCA. *Id*. at 401-03.  To the extent Defendants' motion is based on the argument that the second cause of action is barred by the intentional tort exception, the Motion is **DENIED**.[3]

---

[2] The court expresses no opinion at this time whether Plaintiff could avail herself of any sanctions, evidentiary presumptions or other remedies for destruction of evidence relevant to the pending case.

[3] It is not clear whether the plaintiffs' claim in *Sheridan* was framed as an assault and battery or a negligence cause of action.  It is also unclear whether *Sheridan's* holding is limited to one or the other.  The parties do not address this precise issue.  Defendants assume that the holding applies only to negligence claims, whereas Plaintiff assumes that it also applies to assault claims.  Because the second cause of action can be fairly construed as either, the court does not address this issue at this time.  Should the parties find it necessary to raise it, they may do so in an appropriate motion, provided that they thoroughly brief the whether *Sheridan* and its progeny are limited to causes of action framed as negligence rather than assault.

Defendants next maintain that the fifth cause of action for negligent hiring, training, retention and supervision of Mr. Aguilerra should be dismissed under the discretionary function exception to the immunity waiver under the FTCA. *See Terbush*, 516 F.3d at 1129. This exception applies to

> [a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a); *Terbush*, 516 F.3d at 1129.

"[T]he discretionary function exception will apply if the discretionary decision made is a permissible exercise of policy judgment." *Conrad v. United States*, 447 F.3d 760, 765 (9th Cir. 2006). This is determined by using a two-step analysis. *See Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

> First, we must determine whether the challenged actions involve an element of judgment or choice. This inquiry looks at the nature of the conduct, rather than the status of the actor and the discretionary element is not met where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. If there is such a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive. [¶] When a specific course of action is not prescribed, however, an element of choice or judgment is likely involved in the decision or action.

*Terbush*, 516 F.3d at 1129 (internal citations and quotation marks omitted). If the first step of the analysis shows that the challenged actions involved an element of judgment, the court

> must consider whether that judgment is of the kind that the discretionary function exception was designed to shield, namely, only governmental actions and decisions based on considerations of public policy. Public policy has been understood to include decisions grounded in social, economic, or political policy.

*Id*. (internal citations and quotation marks omitted). The following principles guide the analysis:

> [I]f a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations. [Thus, w]hen established governmental policy, as express or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion. [¶] . . . The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis.

*United States v. Gaubert*, 499 U.S. 315, 325 (1991), quoted in *Terbush*, 516 F.3d at 1130.

Plaintiff alleges that Defendants knew prior to the incident that Mr. Aguilerra had engaged in inappropriate sexual advances involving other female commissary employees, but were negligent in hiring, training, retaining and supervising him.  (Compl. at 16-19.)  Defendants argue that the decisions involving hiring, training, retention and supervision are discretionary as a matter of law.  They are correct insofar as "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."  *Vickers v. Untied States*, 228 F.3d 944, 950 (9th Cir. 2000); *see also Nurse v. United States*, 226 F.3d 996, 1001-02 (9th Cir. 2000) (applying the exception to negligent and reckless employment, supervision and training).  However, this does not shortcut the two-step analysis, which typically involves the examination of "governmental policy, as express or implied by statute, regulation, or agency guidelines."  *Gaubert*, 499 U.S. at 325.  Even the cases cited by Defendants engaged in review of the applicable policy.  *Vickers*, 228 F.3d at 950 (discussing regulations regarding immigration agent training); *Gager v. United States*, 149 F.3d 918, 920-21 (9th Cir. 1998) (discussing regulations regarding postal employee training).  Defendants do not mention whether any statute or Department of Defense or Defense Commissary Agency regulations or guidelines address the issues raised by Plaintiff's claim.

Moreover, Plaintiff does not allege only negligent hiring, training and supervision.  The gravamen of the claim is that despite their knowledge of Mr. Aguilerra's track record before the incident involving Plaintiff, Defendants *retained* him and did not institute any corrective action against him.  Defendants do not point to or discuss the existence or absence any relevant statute, regulation or guideline, but rely on *Vickers*, *Nurse* and *Gager* suggesting that the claim should be dismissed as a matter of law.  (*See* Defs' Mem. of P.&A. at 8.)  None of the three cases applies the discretionary function exception to a negligent retention claim in the summary fashion Defendants advocate.  *See Vickers*, 228 F.3d at 950 ("The question of whether the delay in discharging . . . comes within the discretionary function exception is a much closer one."); *Nurse*, 226 F.3d at 1001-02 (not discussing negligent retention); *Gager*, 149 F.3d at 920-21 (same).

The burden of proving that the discretionary function exception applies is on Defendants. *See Vickers*, 228 F.3d at 950. They have not cited any authority supporting the proposition that the discretionary function exception applies to Plaintiff's negligent retention claim as a matter of law. They also have not provided the facts and argument necessary to enable the court to perform the two-step analysis. Defendants therefore have not met their burden of showing that the exception applies in this case. To the extent Defendants' motion is based on the argument that the fifth cause of action for negligent hiring, training, retention and supervision is barred by the discretionary function exception, the Motion is **DENIED**.

In the alternative, Defendants argue under Rule 12(b)(6) that the fifth cause of action should be dismissed because Title VII provides the exclusive remedy for federal employment discrimination.[4] Plaintiff does not address this issue in the opposition. In this regard, the motion to dismiss is granted as unopposed. *See* Civ. Loc. R. 7.1(f)(3)(b) & (c). In the alternative, the claim is dismissed because 42 U.S.C. Section 2000e-16 "is the exclusive, pre-emptive administrative and judicial scheme available for redress of federal employment discrimination." *See Brock*, 64 F.3d at 1422-23 (internal quotation marks and brackets omitted) quoting *Brown v. Gen. Servs Admin.*, 425 U.S. 820, 829 (1976).[5] Accordingly, Defendants' motion to dismiss the fifth cause of action for negligent hiring, training, retention and supervision is **GRANTED**.

Defendants also move under Rule 12(b)(6) to dismiss the first and third causes of action as to all Defendants except for the Secretary of Defense. Plaintiff does not oppose Defendants' motion in this regard. Accordingly, the motion is granted as unopposed. *See* Civ. Loc. R.

---

[4] Because the fourth cause of action for spoliation of evidence was dismissed on other grounds, the court need not address Defendants' argument that it too should be dismissed as precluded by Title VII.

[5] The court is mindful that "Title VII is not the exclusive remedy for federal employees who suffer 'highly personal' wrongs, such as defamation, harassing phone calls, and physical abuse." *Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir. 1995). Such claims are not precluded by Title VII and are separately actionable under the FTCA. *Id.* at 1424. Plaintiff's allegations of sexual assault (*see* Compl. at 3-4) amount to a highly personal wrong beyond mere employment discrimination. These allegations are the gravamen of the second cause of action, but are also incorporated by reference into the fifth cause of action. Defendants do not assert their Title VII argument against the second cause of action. The allegations therefore survive Defendants' motion as a part of that claim.

7.1(f)(3)(b) & (c). In the alternative, the motion is granted pursuant to 42 U.S.C. Section 2000e-16(c), which provides that the agency head, in his official capacity, is the only proper defendant for Title VII employment discrimination claims. *See Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989). Accordingly, Defendants' motion is **GRANTED** with respect to the first cause of action for sexual harassment and third cause of action for retaliation/reprisal, but only to the extent the claims were asserted against Defendants other than the Secretary of Defense.

Last, Defendants argue that Plaintiff's request for punitive damages should be stricken under Rule 12(f). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

Plaintiff does not address the motion to strike in the opposition. In this regard, the motion is granted as unopposed. *See* Civ. Loc. R. 7.1(f)(3)(b) & (c). In the alternative, the motion is granted because both the FTCA and Title VII preclude punitive damage awards against the Government. 28 U.S.C. § 2674 (FTCA); 42 U.S.C. § 1981a(b)(1) (Title VII). Accordingly, Defendants' motion to strike the request for punitive damages is **GRANTED**.

Plaintiff does not request leave to amend the complaint if Defendants' motions are granted. Nevertheless, the court must consider whether a motion to dismiss should be granted with leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); *see also* 28 U.S.C. § 1653. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). Dismissal without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*. at 1052. It appears that Plaintiff may be able to allege some of the claims asserted in the fifth cause of action as a Title VII rather than a California tort cause of action. In all other respects, it

does not appear that the dismissed and stricken portions of the complaint could be saved by amendment. Accordingly, to the extent Plaintiff could restate any of her allegations asserted in the fifth cause of action under Title VII, she is granted **LEAVE TO AMEND**.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Ex Parte Application is **GRANTED IN PART AND DENIED IN PART**. To the extent Defendants seek substitution of the United States in place of Mr. Aguilerra with respect to the state law tort claims, the application is granted; in all other respects, it is denied.

2. Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the only Defendant remaining in the first cause of action for sexual harassment and third cause of action for retaliation/reprisal is the Secretary of Defense, the only Defendant remaining in the second cause of action for sexual assault is the United States, the fourth cause of action for spoliation of evidence is dismissed without leave to amend, and the fifth cause of action for negligent hiring, training, retention and supervision is dismissed with **LEAVE TO AMEND**. In all other respects, the motion to dismiss is denied.

3. Defendants' motion to strike is **GRANTED**.

4. If Plaintiff chooses to file an amended complaint, she must do so no later than **February 28, 2011**. Defendants shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3). If Plaintiff chooses not to file an amended complaint, Defendants shall respond within the same period of time calculated from February 28, 2011.

**IT IS SO ORDERED**.

DATED: February 14, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL