UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MILANO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROLONDO AGUILERRA aka "JAY" AGUILAR, *et al.*,<br><br>　　　　　Defendants. | Civil No. 09cv2469-L(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS CERTAIN DEFENDANTS AND CLAIMS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, AND TO STRIKE CERTAIN ALLEGATIONS** |

　　　　Plaintiff, a federal employee, filed a sexual harassment action against her former supervisor and others. The court has subject matter jurisdiction over the action pursuant to 28 U.S.C. Sections 1331 and 1367. Defendants filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and to strike pursuant to Rule 12(f). Plaintiff filed an opposition. For the reasons which follow, Defendants' Motion to Dismiss Certain Defendants and Claims from Plaintiff's First Amendment Complaint for Damages, and to Strike Certain Allegations is **GRANTED IN PART AND DENIED IN PART.**

　　　　According to the allegations in the first amended complaint, Plaintiff was employed as a produce clerk and cashier by the United States Department of Defense, Defense Commissary Agency. Defendant Rolondo Aguilerra was Plaintiff's supervisor. When Plaintiff was four

months pregnant, Mr. Aguilerra sexually harassed and assaulted her. Plaintiff reported the incident to the commissary store director, William Vick, who told her she should report the incident to the military police. Plaintiff reported the incident to the military police and the Department of Defense Commissary Agency Equal Employment Opportunity office. She also reported it to the Assistant Store Director Ruben Barcelona and supervisor Nora Mina.

Immediately thereafter, Plaintiff was transferred from the produce department to the cashier position, which was under Ms. Mina's supervision. The cashier position required Plaintiff to stand for extended periods of time. When she requested a seat due to her pregnancy, the request was denied unless Plaintiff could provide a note from her doctor. When Plaintiff provided a doctor's note, she was given an unstable stool. Her request for a stable seat was refused. Plaintiff claims she experienced these difficulties in retaliation for reporting Mr. Aguilerra's misconduct. In addition, Plaintiff was retaliated against by being singled out for adverse treatment, discipline and scrutiny.

Plaintiff further alleges that Defendants knew that Mr. Aguilerra had sexually harassed other female employees before the incident involving Plaintiff; however, Defendants did not take any disciplinary or corrective steps. In the same vein, Defendants did not take any disciplinary or corrective steps after Plaintiff reported Mr. Aguilerra. Instead, they facilitated his transfer to another commissary store.

After the court granted in part and denied in part Defendants' motion to dismiss the initial complaint (*see* order filed Feb. 14, 2011), Plaintiff filed a first amended complaint against Mr. Aguilerra, United States Department of Defense and Robert M. Gates, Secretary of Defense. She asserted five causes of action: (1) sexual harassment - hostile work environment; (2) sexual assault; (3) retaliation/reprisal; and (4) negligent hiring, training, supervision, investigation and/or retention. Defendants filed a motion to dismiss the second and fourth causes of action for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), dismiss the fourth cause of action because Title VII provides the exclusive remedy for federal employment discrimination, dismiss all named Defendants with the exception of the Secretary of Defense, and strike the allegations of negligent harassment and the prayer for punitive damages.

Prior to filing suit in federal court, the FTCA requires exhaustion of administrative remedies. 28 U.S.C. § 2675(a). This requirement is jurisdictional and may not be waived. *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Defendants move under Federal Rule of Civil Procedure 12(b)(1) to dismiss the second and fourth causes of action for failure to exhaust administrative remedies under the FTCA. Plaintiff argues that exhaustion under the FTCA is not required because both claims are asserted under Title VII rather than under the FTCA. (Opp'n at 2 & n.1.) Defendants do not contend that Plaintiff failed to exhaust administrative remedies under Title VII. Upon review of the first amended complaint, it is apparent that Plaintiff is proceeding solely under Title VII. (*See, e.g.*, First Am. Compl. at 1, 21; *see also id. passim* (FTCA not referenced).) Defendants' argument based on exhaustion of administrative remedies under the FTCA is therefore rejected.

Defendants also argue pursuant to Federal Rule of Civil Procedure 12(b)(6) that the fourth cause of action should be dismissed because Title VII provides the exclusive remedy. 42 U.S.C. Section 2000e-16; *Brock v. United States*, 64 F.3d 1421, 1422-23 (9th Cir. 1995). Because the fourth cause of action is alleged under Title VII, Defendants' exclusive remedy argument is rejected as moot.

For the first time in their reply brief, Defendants argue that, assuming the second and fourth causes of action are asserted under Title VII, they should be dismissed or stricken because they are redundant of the remaining causes of action and therefore unnecessary. (Reply at 3-4.) This issue was not briefed in Defendants' moving papers. Plaintiff therefore did not have an opportunity to respond. Parties should not raise new issues for the first time in their reply briefs. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, Federal Rules of Civil Procedure allow for pleading claims in the alternative, and therefore allow for certain amount of duplication. *See* Fed. R. Civ. Proc. 8(d)(2). Defendants' argument that Plaintiff's second and fourth causes of action should be dismissed as redundant is therefore rejected.

Defendants also move to dismiss claims against all Defendants except for the Secretary of Defense. The agency head, in his official capacity, is the only proper defendant for Title VII

employment discrimination claims. 42 U.S.C. Section 2000e-16(c); *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989). Plaintiff conceded this argument. (Opp'n at 2.) Accordingly, Defendants' motion to dismiss all Defendants with the exception of the Secretary of Defense is granted.

Next, Defendants included in their motion a request pursuant to Federal Rule of Civil Procedure 12(f) to strike Plaintiff's allegations of her employer's negligence in failing to prevent sexual harassment. Defendants subsequently withdrew this argument and reserved it for summary judgment. (Reply at 5 & n.3.) The court therefore does not address it at this time.

Finally, Defendants move to strike Plaintiff's request for punitive damages. Title VII precludes punitive damage awards against the government. 42 U.S.C. § 1981a(b)(1). Plaintiff conceded this argument. (Opp'n at 2.) Defendants' motion to strike the prayer for punitive damages is therefore granted.[1]

For the foregoing reasons, Defendants' Motion to Dismiss Certain Defendants and Claims from Plaintiff's First Amendment Complaint for Damages, and to Strike Certain Allegations, is hereby **GRANTED** insofar as all claims asserted against Defendants Rolondo Aguilerra and United States Department of Defense are **DISMISSED WITH PREJUDICE** and Plaintiff's request for punitive damages is **STRICKEN**. In all other respects, Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 15, 2011

                                               M. James Lorenz
                                               United States District Court Judge

---

[1] The February 14, 2011 order granted Defendants' motion to strike Plaintiff's request for punitive damages and dismissed all claims against Rolondo Aguilerra and United States Department of Defense. (Order filed Feb. 14, 2011 at 10 & 11.) Nevertheless, in the first amended complaint Plaintiff named Rolondo Aguilerra and United States Department of Defense as Defendants and included a prayer for punitive damages. Plaintiff is hereby admonished that failure to comply with orders of the court may result in sanctions. Civ. Loc. R. 83.1.

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL