UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MILANO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROLONDO AGUILERRA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 09-cv-2469-L(BLM) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE, ALTER, OR AMEND JUDGMENT [DOC. 65]** |

On November 4, 2009, Plaintiff Ruth Milano commenced this sexual-harassment action against Defendants Rolondo Aguilerra, also known as "Jay" Aguilar, United States Department of Defense, and Robert M. Gates, Secretary of Defense.[1]  On February 28, 2011, Plaintiff filed her FAC asserting claims solely under Title VII. (Doc. 21.)  Then on March 8, 2013, the Court granted Defendants' summary-judgment motion. (Doc. 61.)  Plaintiff now moves to set aside, alter, or amend the judgment under Federal Rule of Civil Procedure 59(e).  Defendants oppose.

---

[1] Mr. Aguilera's name was incorrectly spelled in the First Amended Complaint ("FAC"). Also, Leon E. Panetta was sworn in as the Secretary of Defense after the commencement of this action, and thus is automatically substituted in as defendant for Robert M. Gates. Fed. R. Civ. P. 25(d)(1). On February 27, 2013, Chuck Hagel was sworn in as Secretary of Defense, and thus the same automatic substitution under Rule 25(d)(1) applies.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 44.) For the following reasons, the Court **DENIES** Plaintiff's motion.

## I. LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

## II. DISCUSSION

Plaintiff seeks reconsideration for manifest errors of law and fact by arguing that the Court that there were two failures in the Court's analysis. First, Plaintiff contends that the Court did not properly consider the legal effect of the Department of Defense's certification of the course and scope of employment on behalf of Mr. Aguilera. (Pl.'s Mot. 5:15–6:22.) And second, Plaintiff states that the Court misread the factual allegations of the FAC in considering

whether Mr. Aguilera was Plaintiff's co-worker rather than Plaintiff's supervisor and manager. (*Id.* at 7:1–8:14.) The Court addresses both arguments below.

### A.   Certification of Course and Scope of Employment

The Court considered Plaintiff's scope-of-employment argument and found that it had no impact in this case because there is no actionable conduct under Title VII needed to impose liability on Defendants. (Summ. J. Order 11-12, 12 n.4, 15.) Plaintiff now argues that "[a]t a minimum, the court should address the course and scope certification issue so that judgment reflects consideration by the court[.]" (Pl.'s Mot. 6:7–10.) A careful reading of the Court's summary-judgment order shows that the judgment reflects consideration of Plaintiff's argument. (*See* Summ. J. Order 12 n.4.) Given the considerable effort allocated to that argument by Plaintiff in her opposition brief, the Court inserted a footnote explaining the scope-of-employment-certification argument's impact—or lack thereof—despite finding that Plaintiff's argument did not influence the conclusion and judgment in this case. (*Id.*) However, given Plaintiff's current motion and vehement insistence, the Court will further elaborate on its rationale for her edification.

Courts consider agency principals, including scope-of-employment issues, to determine employer liability for actionable conduct under Title VII. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 757-58 (1998). However, before addressing the issue of employer liability, the Court must find actionable conduct to be liable for. *See Ellerth*, 524 U.S. at 754 (accepting the district court's finding of actionable harassment before addressing the issue of vicarious liability); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986) (declining to give a definite rule on employer liability without a definitive finding that conduct was sufficiently pervasive to constitute a Title VII violation). Without actionable conduct, there can be no liability to assign an employer. *See Brooks v. City of San Mateo*, 229 F.3d 917, 927 n.10 (9th Cir. 2000).

Plaintiff once again unequivocally acknowledges and states that "[t]his is a Title VII sexual harassment action." (Pl.'s Mot. 1:27.) The Court does not condone Mr. Aguilera's actions but it recognizes that Title VII is not "a general civility code for the American

workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Accordingly, following established precedent, the Court found no actionable conduct under Title VII for sexual harassment or retaliation in this case. (Summ. J. Order 11–12, 15.) Without actionable conduct under Title VII, there is no need to further discuss liability—vicarious or otherwise—and therefore no manifest error in the Court's analysis. *See Brooks*, 229 F.3d at 927 n.10; *Kona Enters.*, 229 F.3d at 890.

### B.  Co-worker Allegations

Plaintiff next argues that the Court misread allegations in the FAC and improperly relied on self-serving declarations in stating that Mr. Aguilera was Plaintiff's co-worker rather than supervisor in the "background" section of the summary-judgment order. (Pl.'s Mot. at 7:1–8:14.) However, in its analysis, the Court fully addressed the issue of whether Mr. Aguilera should be considered a co-worker or management-level employee for Title VII purposes. (*See* Summ. J. Order at 10-11.)

As the Court stated, individuals are considered management-level employees if he or she is a supervisor with authority to change the conditions of the harasser's or harassee's employment, or if he or she has a strong *de facto* duty to act as a conduit to management for complaints; mere title alone is not determinative. *See Dawson v. Entek Int'l*, 630 F.3d 928, 940 (9th Cir. 2011); *Swinton v. Potomac Corp.*, 270 F.3d 794, 804 (9th Cir. 2001); *Brooks*, 229 F.3d at 927 n.9. Plaintiff fails to address this test explained by the Court to determine if an individual should be considered a management-level employee. Rather, Plaintiff once again relies solely on evidence that as the Quality Assurance Evaluator, in the absence top management, Mr. Aguilera was in charge of the facility and the acting duty manager at the time; Plaintiff fails to direct the Court to any evidence of duties showing that Mr. Aguilera had the ability to change the conditions of employee or a duty to act as a conduit. (Pl.'s Mot. 7:1–8:14.) Given the summary-judgment standard and the legal requirements for management-level-employee status, the Court found no material issues of genuine fact as to whether Mr. Aguilera could be

considered a management-level employee. (*See* Summ. J. Order 10-11.) Additionally, Plaintiff cannot rest of the allegations of her complaint and must set forth specific facts showing that there is a genuine issue for trial, which, as discussed above, she failed to do. *See* Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970). Therefore, the Court properly read Plaintiff's allegations in the complaint and sees no new evidence, clear error, or changes to intervening law that impacts its analysis. *See Kona Enters.*, 229 F.3d at 890.

### III. CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration under Rule 59(e), the Court **DENIES** her motion. (Doc. 65.)

**IT IS SO ORDERED.**

DATED: May 1, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA LYNN MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL